In re Ramona Odessa **FOGERTY**, Debtor.

### NATIONAL LABOR RELATIONS BOARD, Plaintiff,

v.

Ramona Odessa **FOGERTY**, Defendant.

Bankruptcy No. 95 B 23853.
Adv. No. 96 A 00010.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Nov. 8, 1996.

Ramona Odessa Fogerty, Chicago, IL, Debtor Pro Se.

Michael Desmond, Assistant United States Trustee, Chicago, IL.

Richard Andrews, Chicago, IL, Kenneth J. Shapiro, Deputy Asst. Gen. Counsel, Washington, DC, for Plaintiff.

Robert Katz, Interim Trustee, Chicago, IL.

### MEMORANDUM OPINION

JOHN D. SCHWARTZ, Chief Judge.

This adversary proceeding is before the court on the cross motions of the plaintiff, the National Labor Relations Board of the United States ("NLRB"), and the defendant, Ramona Odessa Fogerty (the "Debtor") for summary judgment under Fed.R.Civ.P. 56, made applicable to proceedings before this court by Fed.R.Bankr.P. 7056.[1] The Debtor, who appears *pro se* in this proceeding, has also filed a motion to dismiss. The NLRB requests the court to determine that certain debts the Debtor owes are non-dischargeable pursuant to §§ 523(a)(6) and 523(a)(7) of the Bankruptcy Code ("Code").[2] The Debtor requests the court to find that she does not owe these debts in the first instance under a variety of theories. The court has considered the submissions of the parties and for the reasons stated herein grants the motion of the NLRB in part and denies both motions of the Debtor.

### FACTUAL BACKGROUND

#### I. Procedural History

The Debtor filed for protection under Chapter 7 of the Bankruptcy Code on November 7, 1995.[3] On January 3, 1996 the NLRB filed the current complaint against the Debtor alleging that the NLRB's claim against the Debtor for certain back pay is non-dischargeable under section 523(a)(6) of the Bankruptcy Code because it arose from the willful and malicious acts of the Debtor. The complaint also alleges that the NLRB claims against the Debtor for contempt sanctions and for an award of attorneys fees and costs awarded pursuant to the contempt order are non-dischargeable under section 523(a)(7) of the Bankruptcy Code because the claim is for a fine payable to and for the benefit of a government unit.

Thereafter, on February 20, 1996, the Debtor, who appears *pro se* in this proceeding, filed an "answer" to the instant complaint that attacked the various judgments and orders previously entered against her and the processes that underlie the NLRB's claims. However, other than a general statement denying all the NLRB's allegations, the Debtor has failed to either admit or deny any of the individual allegations in the complaint.

---

1. It is unclear whether the Debtor, who appears *pro se* in this adversary, has filed a Motion for Summary Judgment or a Motion to Dismiss. However, because the Debtor has included a document entitled "Statement of Material Facts" in an apparent attempt to comply with Local Bankruptcy Rule 402.M, the court assumes the Debtor's motion is one for Summary Judgment.

2. 11 U.S.C. § 101 *et seq.* All section references are to the Bankruptcy Code unless otherwise noted.

3. The case was originally set before the Honorable Judge Ronald Barliant, but was subsequently reassigned to this court in January 1996.

On March 1, 1996, the NLRB filed a motion "for Entry of an Order Adjudging Claims Nondischargeable." It was unclear to the court whether this was intended as a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b), made applicable to proceedings before this court by Fed.R.Bankr.P. 7012, or whether this was intended as a Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56, made applicable to proceedings before this court by Fed.R.Bankr.P. 7056. The court therefore on May 7, 1996 ordered the NLRB to amend its motion and file a motion for summary judgment with supporting affidavits or other materials by May 28, 1996. On May 14, 1996, the NLRB filed a Motion for Summary Judgment and Entry of an Order Adjudging Claims Nondischargeable ("Summary Judgment Motion"). The court set a new briefing schedule on the motion and caused to be sent to all parties a copy of the Local Bankruptcy Rules.

On June 18, 1996, in lieu of filing a response to the NLRB motion pursuant to the set briefing schedule, the Debtor filed a Motion to Dismiss. The NLRB subsequently filed a response to this motion on July 19, 1996.

The Debtor again filed a motion on August 26, 1996. This motion is noticed as a motion for summary judgment, but the notice itself is entitled "Motion to Dismiss" and was docketed as such. The notice of motion also states that included with the motion is a statement of material facts ("Statement"). The Statement, however, does not set forth facts in numbered paragraphs as required by the Local Bankruptcy Rules. Instead, the Statement appears to be a brief in support of the Debtor's motion and argues that the judgment entered against the Debtor by the NLRB is incorrect. The Debtor attached to this Statement various charts and graphs that the Debtor believes supports her claims, a copy of the original NLRB decision with notations alleging various points of error, and various pieces of financial data, including bank account statements and receipts for payments made by Ramona Fogerty (although it is unclear to whom these payments were made). The attachments also include a chart of "crimes" committed by a variety of parties, including various state and federal agencies. It is unclear how these attach-

ments relate to the Statement, however, because they are not referenced in the Statement itself.

It is therefore uncertain from these pleadings which facts are admitted and uncontested or whether the pleadings are, in fact, complete. Local Bankruptcy Rule 402.M requires the party moving for summary judgment to file, among other things, a detailed statement of material facts that the movant believes are uncontested. The 402.M statement "shall consist of short numbered paragraphs, including, within each paragraph, specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion." Local Bankruptcy Rule 402.M.

■ Although NLRB's second motion complied with Local Bankruptcy Rule 402.M, the Debtor's motion did not. The Debtor's Statement did not include short numbered paragraphs and did not allege facts but set forth Debtor's arguments in support of her motion. Furthermore, the attachments submitted with the Debtor's motion are not identified and cross referenced in the 402.M Statement itself. This is sufficient grounds to deny the Debtor's motion. *See* Local Bankruptcy Rule 402.M.

Furthermore, the party opposing a summary judgment motion is required by Local Bankruptcy Rule 402.N to respond to the movant's 402.M statement, paragraph by paragraph and to set forth any additional material facts that would require denial of that motion. Neither party submitted such a response. The Debtor instead filed a motion to dismiss, and the NLRB has not filed any response to the Debtor's motion for summary judgment. If a party fails answer any specific numbered paragraph in the 402.M statement, the facts asserted in that paragraph is deemed admitted. Local Bankruptcy Rule 402.N.

■ In most cases, the 402.M and 402.N statements provide the factual background from which the court may extrapolate the contested and uncontested facts and from which the court can determine whether there

remains a genuine issue of factual dispute that would preclude granting the motion. *See Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 923 (7th Cir.1994). In this case, however, both parties have failed to submit the appropriate supporting documentation required by the Local Bankruptcy Rules. In light of this court's repeated requests for submissions that comply with these rules and in light of the fact that the Debtor represents herself in this adversary, the court will not dismiss these motions on purely procedural grounds nor deem the facts as set forth in either 402.M statement as admitted. Instead, the court will extrapolate the undisputed facts from the submissions of the parties in the absence of the requisite 402.M and 402.N statements.

▇ The court believes that this is the correct course of action only because of the unique procedural history in this case and because most of the facts relative to this case are set out in prior judicial decisions rendered by courts of competent jurisdiction. The court must follow these decisions and the issues decided in these decisions may not be relitigated before this court. While the Debtor contends that the prior judgments against her were wrong, the prior judgment, right or wrong, is a final judgment. The Debtor could have appealed that order or taken such other available remedies to attack the judgment. This court cannot permit the Debtor to retry the original judgment if for no other reason than it does not have jurisdiction.[4] As such, pursuant to the prior judgments rendered against the Debtor in this case, the court finds the following to be the undisputed facts in this case:

## II. The Wrongful Discharge Claim

On March 26, 1984, an administrative law judge ("ALJ") issued a decision on a complaint issued on August 25, 1983 against the Potential School for Exceptional Children, Inc. ("Potential School"). The complaint alleged that the Debtor, acting in her capacity as Executive Director of the Potential School, had violated section 8(a)(1) of the National Labor Relations Act because she had engaged in unfair labor practices. *Potential School for Exceptional Children, Inc.,* 282 NLRB 1087, 1087, 1987 WL 90207 (February 9, 1987), *enforced,* 883 F.2d 560 (7th Cir. 1989). These alleged "unfair labor practices" consisted of unlawfully threatening to discharge and actually discharging employees who had engaged in or supported "protected, concerted activity."

The NLRB found that the Debtor, acting in her capacity as Executive Director of the Potential School, had discharged one employee because she was discussing and protesting the Debtor's failure to pay the employees for accrued wages and that the Debtor had terminated a second employee merely because she had been seen associating with an employee who had vocally protested the Debtor's failure to pay these accrued wages. *Id.* at 1092. The decision concluded that the Potential School had, through the actions of the Debtor, violated the National Labor Relations Act. Key to this decision was the fact that both in threatening to discharge and in discharging these employees the it was the Debtor's intent to discourage such activities in the future. *Id.*

The decision further concluded that the Potential School had also violated the Act when prior to discharging these employees the Debtor threatened them with discharge because they were protesting the failure of the Potential School to pay accrued wages then due. The NLRB again found that this was protected, concerted activity and that the Debtor solely intended to stop the employees from engaging in this protected,

---

4. Under principles of *res judicata,* a "final judgment on the merits of an action precludes the parties ... from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981); *Hawxhurst v. Pettibone Corp.,* 40 F.3d 175, 180 (7th Cir.1994). Under the principles of collateral estoppel, a final judgment will preclude any party to that initial action from relitigating an issue of law or fact that has been actually litigated and decided in the initial action. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Havoco of America, Ltd. v. Freeman, Atkins & Coleman, Ltd.,* 58 F.3d 303, 307 (7th Cir.1995). A litigating party, therefore, may not collaterally attack a judgment by attempting to retry that judgment, either fully or in part, in a second forum. Instead, the party must follow the procedural appeals process that governs the decision issued by the rendering court.

concerted activity by threatening them with dismissal. The NLRB therefore ordered Potential School, "its officers, agents, successors, and assigns" to *inter alia* reinstate the two employees and to pay them for all back pay due. This decision was enforced by the Seventh Circuit Court of Appeals. *National Labor Relations Board v. Potential School for Exceptional Children, Inc.*, 883 F.2d 560 (7th Cir.1989).

### III. The Contempt Claim

The Potential School and the Debtor failed to comply with the NLRB order. Therefore, on August 23, 1994, the NLRB petitioned the Seventh Circuit Court of Appeals to hold both Potential School, Odessa Habilitation and Training Center, Inc. ("Odessa"),[5] and the Debtor in civil contempt. Neither the Debtor, Potential School, or Odessa responded to the court's order to show cause why they should not be held in contempt. Thereafter on December 9, 1994, the Seventh Circuit entered a contempt order against the Potential School, Odessa, and the Debtor. The contempt order adjudged that all three parties were jointly and severally liable for the satisfaction of the debt pursuant to the original judgment for back pay in the amount of $79,276 plus additional interest accrued from July 1, 1994. In addition, the Seventh Circuit further imposed a fine for non-compliance in the amount of $50,000 to ensure against further refusals to comply with the Court's judgment and the civil contempt order. Thereafter, on April 21, 1995, the Seventh Circuit further awarded the NLRB attorneys' fees and costs in the amount of $25,090.84. Although the caption for this award only lists the Potential School as a defendant, the original contempt order clearly sets forth joint and several liability against Potential School, the Debtor, and Odessa for "all costs and expenses, including reasonable attorneys' salaries, incurred by the [NLRB] in the investigation, preparation and final disposition of this proceeding. . . ."

### *DISCUSSION*

### I. Jurisdiction

This court has jurisdiction over this adversary under 28 U.S.C. § 1334(b) as a matter arising under the Bankruptcy Code. This adversary is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I), (J), and (O) and is before the court pursuant to Local Rule 2.33 of the United States District court for the Northern District of Illinois, which refers bankruptcy cases and proceedings to this court for hearing and determination. Venue is proper pursuant to 28 U.S.C. § 1409(a).

### II. Summary Judgment Standards

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (made applicable to cases arising under the Code by Fed.R.Bankr.P. 7056). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). When the record, taken as a whole and in a light most favorable to the non-moving party, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial and summary judgment must be granted. *Id.; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–586, 587, 106 S.Ct. 1348, 1355–56, 1356, 89 L.Ed.2d 538 (1986).

### III. Exceptions to Discharge

### A. Willful and Malicious Injury under § 523(a)(6)

■ The exceptions to the dischargeability of a debt under § 727 are set out in § 523(a). Specifically, § 523(a)(6) provides that the general discharge provisions under § 727 do not discharge an individual debtor for any debt that arose from the Debtor's willful and malicious injury to "another entity or property of another entity." To establish that a debt is non-dischargeable under § 523(a)(6), the claimant has the burden of proof, by a preponderance of the evidence, that the act that gave rise to the debt was both willful and malicious. *Grogan v. Garner*, 498 U.S. 279, 287–88, 111 S.Ct. 654, 659–60, 112 L.Ed.2d 755 (1991); *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir.1994); *United Bank of*

---

**5.** Odessa is another not for profit entity controlled by the Debtor.

*Southgate v. Nelson,* 35 B.R. 766, 768 (N.D.Ill.1983); *In re Hopkins,* 82 B.R. 952, 953 (Bankr.N.D.Ill.1988).

 An act is "willful" if it is "deliberate or intentional" and is "malicious" if it is either wrongful and without just cause or excuse or committed in the face of knowledge that harm to the injured party will necessarily result, even in the absence of personal ill will or a specific intent to injure. *Thirtyacre,* 36 F.3d at 700; *United Bank of Southgate,* 35 B.R. at 776; *In re Patrick,* 143 B.R. 200, 203 (Bankr.N.D.Ill.1992). Whether a debtor's actions are willful and malicious is a question of fact. *Thirtyacre,* 36 F.3d at 700.

In the current instance, the NLRB has already found that the Debtor's actions were deliberate, intentional, and without just cause or excuse. The NLRB found that while acting in her capacity as Executive Director of Potential School, the Debtor wrongfully terminated two employees in violation of the National Labor Relations Act. The NLRB's determination that the termination was wrongful was based on the fact that the Debtor had no just cause to discharge the two employees, and that the only reason for their termination was the fact that the one employee had engaged in protected, concerted activity regarding wages and that the other employee had associated with another employee engaging in such protected, concerted activity. Furthermore, the NLRB found that the Debtor's intent was solely to discourage employees from further engaging in such conduct. Furthermore, pursuant to the subsequent contempt order entered by the Seventh Circuit, the Debtor, Potential School, and Odessa are jointly and severally liable for this back pay in the amount of $79,276 plus interest accruing from July 1, 1994.

As such, this court finds that the Debtor's acts were willful in that they were deliberate and intentional and were malicious in that they were without justification. The court therefore finds that the debt owed by the Debtor for back pay in the amount of $79,276 plus interest accruing from July 1, 1994 is non-dischargeable pursuant to § 523(a)(6).

**B. Fines imposed by a governmental entity under § 523(a)(7)**

Section 523(a)(7) of the Bankruptcy Code excepts from discharge any "fine, penalty, or forfeiture, payable to and for the benefit of a governmental unit" that is not "compensation for actual pecuniary loss...." Thus, for a debt to be non-dischargeable under § 523(a)(7), the debt must be for the benefit of a governmental unit and must be penal in nature. *Kelly v. Robinson,* 479 U.S. 36, 51–52, 107 S.Ct. 353, 362, 93 L.Ed.2d 216 (1986); *Betts v. Attorney Registration and Disciplinary Commission,* 165 B.R. 870, 872 (N.D.Ill.1994), *aff'd,* 51 F.3d 275 (7th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 571, 133 L.Ed.2d 495 (1995). In the current instance, both the fine for the contempt order and the attorneys' fees assessed are owed to the NLRB, an administrative agency of the United States Government and a governmental unit pursuant to § 101(27). Thus, the only question is whether the fine is penal in nature.

 The $50,000 award in the civil contempt order is, on its face, a fine. The civil contempt order states that the sanctions were imposed "to assure against further refusals to comply with the Court's Judgment and this Contempt Adjudication, the Court hereby imposes against Potential, Odessa and Fogerty, individually and severally, a non-compliance fine in the amount of $50,000, said amount to be suspended and withdrawn in the event full compliance with this Adjudication is achieved within sixty (60) days of the entry of this Adjudication." As such, the $50,000 award falls within the exception to discharge found in § 523(a)(7).

 The award for attorneys fees and costs, however, is dischargeable. Many courts, including the Seventh Circuit, have found that awards of costs associated with criminal sanctions are part of the underlying penalty and, as such, are non-dischargeable under § 523(a)(7). *See, e.g., In re Zarzynski,* 771 F.2d 304, 306 (7th Cir.1985). However, costs awarded in conjunction with civil penalties are not dischargeable. *See, e.g., Illinois v. Tapper (In re Tapper),* 123 B.R. 594, 605 (Bankr.N.D.Ill.1991). The NLRB's request that the award for attorneys' fees and ex-

penses awarded in conjunction with the contempt order entered against the Debtor be found non-dischargeable is hereby denied.

### *CONCLUSION*

For the reasons stated herein, the court holds that the judgment for back pay, including statutory interest is non-dischargeable. Likewise, the $50,000 contempt award entered against the Debtor is non-dischargeable. The attorneys' fees and expenses awarded by the Seventh Circuit in conjunction with the civil contempt award represent a reimbursement for costs and are dischargeable. The NLRB's motion for summary judgment is thus granted in part and denied in part. The Debtor's motion to dismiss and motion for summary judgment are denied.