### In re Don G. COLE and wife, Martha K. Cole, et al., Debtors.

### Bankruptcy No. 95–41739–S.

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Feb. 7, 1997.

---

7. The bankruptcy court apparently also relied on Cullinan's abandonment of the § 523 claims. For the reasons discussed in the preceding section, I reject the court's reliance on this ground.

8. While the debtor may have been "confused" overall, the court should consider whether the

relevant statements of the debtor occurred during a "confusing" period of interrogation. As this is a determination rooted in the fact finding process, it is more appropriately left the bankruptcy court.

Joe Edward Shumate, Henderson, TX, for Debtors.

Linda Payne, Paris, TX, trustee.

## OPINION

DONALD R. SHARP, Chief Judge.

NOW before the court for consideration is the Objection of Thomas E. Bass ("Bass") to the homestead exemption sought by Don G. and Martha K. Cole ("Debtors"). This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 10, 1995, the Debtors filed a voluntary petition for relief under Chapter 12, of the United States Bankruptcy Code.

1. Pursuant to the Debtors' First Amended Schedule A—Real Property, the Debtors are claiming six tracts of land in Denton County as their homestead. The Original Schedule A listed as exempt land in Grayson County, Texas.

2. At one time the Debtors had ranching facilities in Grayson County, Texas, and at times spent the night there.

3. On January 31, 1994, Bass obtained a judgment against Donald G. Cole in the 59th Judicial District Court of Grayson County, Texas, in the amount of $572,011. The judgment was abstracted and recorded in the real property records of Denton County, Texas on March 16, 1994.

### DISCUSSION

The issue in this case is whether or not the six tracts of land listed on Debtor's First Amended Schedule A—Real Property qualify for the rural homestead exemption.

Bass objects to the homestead exemption claimed by Debtors arguing that either the Debtors are entitled to one acre of homestead because the tracts are located in the City of Denton or in the alternative that the tracts do not belong to the Debtors.

Homestead laws are favored and are to be liberally construed to protect homestead. *In re Mitchell*, 132 B.R. 553, 557 (Bkrtcy.W.D.Tex.1991); *Whiteman v. Burkey*, 115 Tex. 400, 282 S.W. 788 (1926). A liberal construction must be given to effectuate the purpose of the Constitution to protect the homestead rights of families. *Connelly v. Johnson*, 259 S.W. 634 (Tex.Civ.App.1924). In Texas, the law provides for a rural homestead exemption of not more than two hundred acres which may be in one or more noncontiguous parcels, with improvements thereon. *In re Parker*, 27 B.R. 932, 934 (Bkrtcy.N.D.Tex.1983). Rural homestead was defined in *In re Spencer*, in which the court stated "it is land that must be used for a residence and the balance of the tract for the support of the family." *In re Spencer*, 109 B.R. 715, 717 (Bkrtcy.W.D.Tex.1989).

Under Bankruptcy Rule 4003(c), the objecting party has the burden of proving that the exemptions claimed, in this case homestead exemptions, are not properly claimed. *In re Cooper*, 128 B.R. 632, 635 (Bkrtcy.E.D.Tex.1991). This burden is satisfied when the objecting party introduces evidence which rebuts the "prima facie effect of the claim of exemption." *In re Lester*, 141 B.R. 157, 161 (Bkrtcy.S.D.Ohio 1991). The general rule is that the exemption statute favors the debtor and is to be liberally construed. When an issue is in doubt because of the proof provided and the Court would be required to speculate, the party upon whom the burden of proof ultimately rests must lose. *Id.* at 162. Thus, the exemptions

claimed by the Debtors are presumed valid until proven otherwise.[1]

 Bass argued that the exemptions were not proper in either one of two ways. First, Bass claimed that if the six tracts belong to the Debtors, the tracts were located in the City of Denton limiting their exempt homestead to one acre.[2] This Court was not presented with any persuasive evidence to support this contention as required by Bankruptcy Rule 4003(c).[3] The Debtors, more specifically Mr. Cole, still provided testimony that the tracts were used by his family as either living quarters or pasture area. Therefore, this Court holds that the six tracts are located in rural area.

Second, Bass asserted in the alternative that if the tracts were classified as rural, Debtors did not own the six tracts at the time they filed for bankruptcy.[4] Bass argued that the six tracts of land were transferred to a Family Limited Partnership and never transferred back to the Debtors, therefore prohibiting exemption due to lack of ownership.

 Once property has been designated as homestead, the only way to lose its homestead character is by death, abandonment, or alienation. *Long Bell Lumber Co.*

*v. Miller*, 240 S.W.2d 405, 406 (Tex.Civ. App.—Amarillo 1951, no writ). In the case of abandonment, there can be no more convincing proof that abandonment occurred than the sale of a homestead. *In re Evans*, 135 B.R. 261, 264 (Bkrtcy.S.D.Tex.1991). Furthermore, when transfer of title occurs abandonment occurs even when the transferring party continues to occupy that property. *In re Robinson*, 180 B.R. 174, 175 (Bkrtcy. E.D.Tex.1995).

 Bass satisfied the burden placed upon the objecting party on three of the six tracts of land. Deeds were introduced in evidence by Bass without objection which indicated that the Debtors had abandoned three tracts of land by transferring them to the Family Limited Partnership. The Debtors did nothing to refute the evidence other than stating that they believed they had transferred the six tracts back to themselves. Therefore, this Court is convinced that Bass satisfied the burden of proof required under Bankruptcy Rule 4003(c) and as a result this Court finds that Debtors only own three of the six tracts listed on their Amended Schedule A. The tracts transferred to the Family Limited Partnership is as follows:

| (1) J.F. Meyers, tract 10 Acres 19.8944 Denton County, Texas | (2) Wm. Bryan Survey Tract 28, 29; Acres: 7.0 Denton County, Texas | (3) Wm. Bryan Survey Tract 30; Acres: 8.0 Denton County, Texas |
|---|---|---|

---

The Texas Revised Limited Partnership Act addresses the nature of partnership interest.[5] Section 7.01 states "that a partnership interest is personal property. A partner has no interest in specific Limited partnership interest." TEX.REV.CIV.STAT.ANN. art. 6132a–1, § 7.01 (Vernon Supp.1997). Although this Act does not specifically discuss homestead, the Texas Uniform Partnership Act does. The Texas Uniform Partnership Act applies to limited partnerships in any case not provided for by the Texas Revised Limited Partnership Act.[6] Therefore, a

**1.** 11 U.S.C. § 522(*l*) states "the property claimed as exempt is exempt" unless a party in interest objects to the claim.

**2.** Each individual family or single adult is entitled to a homestead exemption for an urban home of not more than one acre of land together with any improvements. TEX.PROP.CODE ANN. § 41.002 (Vernon Supp.1997).

**3.** This Court could not determine with certainty whether Debtors were able to receive fire and police protection, as well as municipal utilities on the tracts they owned prior to the time they

were designated as homestead. *See* TEX.PROP. CODE ANN. § 41.002(c) (Vernon Supp.1997).

**4.** Bass introduced into evidence Warranty Deeds and Quitclaim Deeds showing the conveyances that took place between the Debtors, their children, and the Family Limited Partnership.

**5.** TEX.REV.CIV.STAT.ANN. Art. 6132a–1, § 1.01 (Vernon Supp.1997).

**6.** TEX.REV.CIV.STAT.ANN. Art. 6.132a–1, § 13.03 (Vernon Supp.1997).

partner is prohibited from claiming a homestead interest in property which belongs to the partnership. *In re Pierce,* 128 B.R. 632, 636 (N.D.Tex.1991); *In re Brooks,* 103 B.R. 123, 125 (Bkrtcy.E.D.Tex.1988).

## CONCLUSION

This Court holds that the objection to Debtor's homestead exemption as to the three tracts belonging to the Family Partnership is sustained. Debtors are allowed to exempt as homestead the other three tracts of land as follows:

(1) Wm. Bryan Survey
Tract 27. Acres: *4.899*
Denton County, Texas

(2) J.F. Meyers Survey
Tract 9; Acres: *5.998*
Denton County, Texas

(3) Barb, Tract 11
Acres: *1.21*
Denton County, Texas