**In re Diane Rachelle LISTON, Debtor.**

**Bankruptcy No. 96–16639–TS.**

United States Bankruptcy Court,
W.D. Oklahoma.

March 7, 1997.

**236**

Randy Goodman, Oklahoma City, Oklahoma, for Creditor.

David A. Cheek, McKinney, Stringer & Webster, Oklahoma City, Oklahoma, for Debtor.

## ORDER DENYING DEBTOR'S MOTION TO AVOID LIEN ON COMPUTER AND TREADMILL

JOHN TeSELLE, Chief Judge.

This matter is before the Court on Debtor's Motion to Avoid Lien and the objection thereto filed by Beneficial Oklahoma, Inc. (hereinafter "Creditor"). The Court has reviewed the pleadings and the applicable law, and rules as follows.

### Background Facts

Debtor executed a loan agreement in favor of Creditor on April 18, 1996. Pursuant to that loan agreement, Creditor has a nonpossessory, nonpurchase-money security interest in the following personal property: [1]

1. Cassette Recorder/Compact Disc/AM–FM Radio;

2. VCR;

3. Compac [sic] 486 Computer with hard drive and monitor;

4. Panasonic Printer;

5. Vita Master Treadmill.

Debtor filed her voluntary chapter 7 bankruptcy petition on August 28, 1996. On Schedule B of her petition, Debtor was required to list all of her personal property. Thereupon she listed the Cassette Recorder/Compact Disc/AM–FM Radio, VCR, Compac [sic] 486 Computer with hard drive and

---

**1.** These facts are based upon Debtor's representations as neither the loan agreement nor any security agreement has been provided to the Court.

monitor, and Panasonic Printer as "Household goods and furnishings, including audio, video, and computer equipment." On that same schedule, Debtor listed her Vita Master Treadmill as "sports ... and other hobby equipment."[2]

On Schedule C of her petition, Debtor claimed the above-listed items of personal property, *inter alia*, as exempt pursuant to Okla.Stat. tit. 31, § 1,[3] without specifying which subsections of § 1 were applicable. The trustee and creditors had thirty days from October 1, 1996, the date of the conclusion of the first meeting of creditors, in which to object to Debtor's claimed exemptions. Fed.R.Bankr.P. 4003(b). This time elapsed on October 31, 1996, with no objections having been filed.

Pursuant to § 522(f)(1)(B) of the Bankruptcy Code,[4] Debtor now seeks to avoid Creditor's nonpossessory, nonpurchase-money lien upon the five items listed above. Creditor has objected to Debtor's avoiding its lien on the computer and treadmill, asserting those items are not exempt under Oklahoma law.[5]

## Applicable Law

Section 522(f)(1)(B) provides that:

(f)(1) ... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . . .

(B) a nonpossessory, nonpurchase-money security interest in any—

(i) household furnishings, household goods, ... that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(ii) ... tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(iii) professionally prescribed health aids for the debtor or a dependent of the debtor.

██ Creditor's sole basis for objecting to Debtor's avoidance of its lien is that Debtor's computer and treadmill do not constitute exempt property under Oklahoma law. However, Debtor listed the computer and treadmill among her claimed exemptions on Schedule C, and there were no objections to any of her claimed exemptions. Under *Taylor v. Freeland & Kronz*, those items are deemed exempt, regardless of whether Debtor had a colorable basis for claiming them as exempt. 503 U.S. 638, 640–44, 112 S.Ct. 1644, 1647–48, 118 L.Ed.2d 280 (1992).

## Issue

The question facing the Court is whether, in order to avoid a creditor's nonpossessory, nonpurchase-money lien under § 522(f)(1)(B), Debtor must also meet the requirements of § 522(b), or does the fact that property is deemed exempt pursuant to *Taylor* render it exempt for purposes of lien avoidance?

## Discussion

### A. Basis for Exemption

██ A literal reading of § 522(f)(1)(B) leads to the conclusion that in order to avoid a lien under this section, it is not enough that the property is deemed exempt by operation of Rule 4003(b) and *Taylor*. Debtor must be *entitled* to exempt the property under § 522(b),[6] and the property must fall within

---

2. Debtor also listed a Schwinn Stationery (sic) Bike among "... sports ... and other hobby equipment." Debtor did not classify any items as "... equipment, and supplies used in business" on Schedule B.

3. Debtor relied upon the Oklahoma exemption statute as a basis for her claimed exemptions because Oklahoma has "opted out" of the federal exemption scheme. *See* 11 U.S.C. § 522(b)(2); Okla.Stat. tit. 31, § 1(A).

4. References herein to statutory provisions by section number only will be to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101—1330, unless the context requires otherwise.

5. Creditor did not object to Debtor's avoidance of its lien on the Cassette Recorder/Compact Disc/AM–FM Radio, the VCR, and the Panasonic Printer; thus, there is no need to address those items in this opinion. The Court assumes Debtor's counsel will submit an appropriate order regarding those items.

6. *See supra* n. 3.

one or more of the categories described in § 522(f)(1)(B)(i), (ii), or (iii). This view is supported by *In re Maylin*, which concludes that Rule 4003(b) and *Taylor* do not prohibit a secured creditor from defending a lien avoidance action by contesting the exemption of the property under applicable law.[7] 155 B.R. 605, 612–13 (Bankr.D.Me.1993). Thus, as required by § 522(f)(1)(B), in order for Debtor to avoid Creditor's lien on her computer and treadmill, this Court must first find those items are exempt under Oklahoma law, and then find they fall within one or more of the categories set forth in § 522(f)(1)(B)(i)(ii) or (iii).[8]

## B. Exemption of the Computer

■ In examining the Oklahoma exemption statute, it appears that for Debtor's computer to be exempt it must either be classified as "household ... furniture held primarily for the personal, family or household use of [Debtor]," or as a tool of Debtor's trade. Okla.Stat. tit. 31, § 1(A)(3) & (6). In order to qualify as household furniture, Debtor's computer must be found to be "'reasonably necessary' for the maintenance of [Debtor's] home." *In re Davis*, 134 B.R. 34, 38 (Bankr.W.D.Okla.1991). In this district, Judge Lindsey has recently determined that a computer is not "'reasonably necessary' for the maintenance of the home," and thus is not exempt. *In re Larson*, 203 B.R. 176, 180 (Bankr.W.D.Okla.1996). This Court agrees with Judge Lindsey's opinion, and therefore holds Debtor is not entitled to exempt her computer under Okla.Stat. tit. 31, § 1(A)(3).

■ Debtor failed to list her computer as a tool of the trade on her schedules, and the record is devoid of evidence regarding whether Debtor uses her computer in her trade or profession. Accordingly, the Court cannot find that Debtor's computer is exempt under Okla.Stat. tit. 31, § 1(A)(6).

## C. Exemption of the Treadmill

■ The Court's research revealed no cases based upon Oklahoma law specifically concerning exemption of a treadmill or other items of exercise equipment.[9] Under the Oklahoma exemption statute, the two potential bases for exemption of Debtor's treadmill appear to be classifying it as either household furniture, or as a "professionally prescribed health aid. ..." Okla.Stat. tit. 31, § 1(A)(3) & (9). If Debtor's treadmill is to fall within the definition of household furniture, this Court must decide whether, in this case, a treadmill is "'reasonably necessary' for the maintenance of [Debtor's] home." *Davis*, 134 B.R. at 38. While a treadmill provides a convenient means of obtaining physical exercise, there appears to be no basis in this case for finding Debtor's treadmill to be necessary to maintain her home. The decision is based in part upon the fact Debtor has also claimed as exempt a Schwinn Stationery (sic) Bike, which serves as an alternative means of obtaining physical exercise. While the Court is mindful that exemption statutes are to be liberally construed and that any doubt as to whether certain property is exempt is to be construed in favor of the exemption, in this case there is no basis for finding that both a treadmill and an exercise bike are reasonably necessary to maintain

---

7. In a case which appears to ignore the literal language of § 522(f)(1)(B), it has been held that once property has been deemed exempt by operation of Rule 4003(b) and *Taylor*, such exemption is final for purposes of lien avoidance. *Great Southern Co. v. Allard*, 202 B.R. 938, 941–42 (D.N.D.Ill.1996). In so ruling, the *Allard* court accords great weight to the following statement from Collier's bankruptcy treatise:

> Hence, no party may later argue, in a lien avoidance proceeding or at some other time, that the debtor's interest in an item of property claimed as exempt was not fully exempt.

9 COLLIER ON BANKRUPTCY ¶ 4003.04[3] (15th ed. 1996) (formerly located at 8 COLLIER ON BANKRUPTCY ¶ 4003.04 (15th ed. 1996)). The Court notes that

Collier cites no authority for this statement and that it is inconsistent with the language of § 522(f)(1)(B).

8. Debtor failed to specify on Schedule C which provision(s) of the Oklahoma exemption statute provided a basis for exemption of her computer and treadmill. On Schedule B, Debtor included the computer among household goods and furnishings, and listed the treadmill as sport/hobby equipment.

9. Cases from other jurisdictions concerning exercise equipment are inconsistent and provide little guidance because they are based upon the exemption statutes of other states.

Debtor's home. Inasmuch as Debtor's exercise bike is not encumbered, the Court concludes that Debtor's treadmill is not exempt within the meaning of Okla.Stat. tit. 31, § 1(A)(3).

[■] The final question is whether Debtor's treadmill is exempt as a professionally prescribed health aid. Nothing in the record supports such a finding, thus the Court cannot find Debtor's treadmill is exempt under Okla.Stat. tit. 31, § 1(A)(9).

### Decision

The Court has reviewed the facts of this case in light of the applicable law and concludes that a debtor who files a voluntary bankruptcy petition must meet the requirements of *both* § 522(b) and § 522(f)(1)(B) in order to avoid a creditor's nonpossessory, nonpurchase-money security interest. The Court having determined that Debtor was not entitled to claim her Compac [sic] 486 Computer with hard drive and monitor or her Vita Master Treadmill as exempt under Oklahoma law, the requirement set forth in § 522(b) is not met. Therefore, Debtor's **Motion to Avoid Lien** must be denied as to the Compac [sic] 486 Computer with hard drive and monitor, and the Vita Master Treadmill.