In the Matter of SOUTH BEND COMMUNITY SCHOOL CORP. and William Hugh Farrell, Appellants,

v.

Eugene Leroy EGGLESTON, Appellee.

Bankruptcy No. 96-32384 HCD.
Cause No. 3:97 CV 472 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

Nov. 21, 1997.

Thomas E. Wheeler, II, Kightlinger and Gray, Indianapolis, IN, for Appellants.

Joseph D. Bradley, South Bend, IN, for Appellee.

### MEMORANDUM AND ORDER
ALLEN SHARP, District Judge.

This cause is before the Court on Appellants', South Bend Community School Corporation (SBSC) and William Hugh Farrell (Farrell), appeal of Judge Dees' Bankruptcy Court decision finding certain attorneys' fees and costs were not excepted under the Bankruptcy Code, 11 U.S.C.A. § 523(a)(17) and were therefore dischargeable in appellee's, Eugene Leroy Eggleston (Eggleston) bankruptcy petition. As it was in the Bankruptcy Court, this is also an issue of first impression for this Court.

### I. JURISDICTION

This Court has jurisdiction of this appeal pursuant to 28 U.S.C.A. § 158(a) as it is an appeal of a Bankruptcy Court's final order.

### II. FACTS

This cause of action stems from a rather long history of animosity between Eggleston and his employer, SBSC. In 1992, after filing numerous grievances regarding his treatment and his evaluations, Eggleston sued SBSC and Farrell in this Court, alleging that he was the victim of age discrimination and retaliation. *Eugene Leroy Eggleston v.*

*South Bend Community School Corporation and William Hugh Farrell,* Cause No. 3:92–CV–672AS. The parties eventually resolved the initial suit by way of a Settlement Agreement and Release dated September 23, 1994. In exchange for the payment of a substantial amount of money, Eggleston agreed to dismiss his claims against SBSC and Farrell. Incorporated into the agreement was a Consent Decree, in which Eggleston agreed to submit "all claims which have been or might be made" in relation to his employment to Magistrate Judge Pierce for resolution.

On December 12, 1994, Eggleston filed a new grievance with SBSC challenging his supervisor's evaluation of his 1993–94 coaching performance. The parties disputed whether this claim fell within the parameters of the Consent Decree. As a result, the charge did not progress through the normal grievance process. After much discussion and accusation by the parties, SBSC filed a Verified Motion to Enforce the Consent Decree on June 12, 1995. In August of 1995, Eggleston filed a response and Request for Relief from Ongoing Retaliation and Contempt of Court. On December 6 and 7, 1995, the parties litigated this dispute before Magistrate Judge Pierce. The Magistrate found that the claim was within the Consent Decree, SBSC was the "prevailing party," and that pursuant to the Consent Decree Eggleston was responsible for costs and attorneys' fees.[1] (Mem. and Ord. of July 9, 1996 at 5). The Magistrate awarded costs and fees to SBSC in the amount of $51,861.41 and to SBSC and Farrell in the amount of $9,486.50. (Jmt. of July 10, 1996 at 1).

Eggleston filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code on August 20, 1996. In his petition, Eggleston scheduled SBSC and Farrell in his list of creditors. SBSC and Farrell filed a Complaint and Amended Complaint to Determine Non–Dischargeability of Debt. They alleged that Eggleston's obligations to them were excepted from discharge under 11 U.S.C.A. § 523(a)(17) and/or 11 U.S.C.A. § 523(a)(7). Both parties then filed Motions for Summary Judgment. The Bankruptcy Court heard oral arguments and then found that neither exception applied and discharged the debt. (Jmt. of July 15, 1997). SBSC and Farrell now appeal to this Court.

### III. STANDARD OF REVIEW

■ In reviewing a bankruptcy court decision, this Court acts as an appeals court and applies the same standards of review as govern appellate review in other cases. *Sagamore Park Centre Assoc. Ltd. Partnership v. Sagamore Park Properties,* 200 B.R. 332 (N.D.Ind.1996). Accordingly, this Court reviews the bankruptcy court's legal determinations *de novo* and reviews the bankruptcy court's factual findings using a "clearly erroneous" standard. *Leibowitz v. Parkway Bank & Trust Co.,* 210 B.R. 298 (N.D.Ill. 1997); *Divane v. A & C Elec. Co, Inc. (In re A & C Elec.),* 193 B.R. 856 (N.D.Ill.1996); *In re Tolona Pizza Prods. Corp.,* 3 F.3d 1029, 1033 (7th Cir.1993); *Calder v. Camp Grove State Bank,* 892 F.2d 629, 631 (7th Cir.1990). The bankruptcy court's conclusions on mixed questions of law and fact and or on questions pertaining to the application of facts to the law are reviewed *de novo. In re Ebbler Furniture and Appliances, Inc.,* 804 F.2d 87, 88 (7th Cir.1986); *Williams v. Comm'r of Internal Revenue,* 1 F.3d 502, 505 (7th Cir. 1993), *reh'g denied; Schiro v. Clark,* 963 F.2d 962, 974 (7th Cir.1992), *aff'd sub nom.; Schiro v. Farley,* 510 U.S. 222, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994); *United States v. Levy,* 955 F.2d 1098, 1103 n. 5 (7th Cir.), *cert. denied,* 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 62 (1992).

---

**1.** It is this issue that is at the heart of the current dispute. The Consent Decree provided that:

"This court shall retain jurisdiction of this matter for the purposes of enabling any of the parties to this Consent Decree to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the enforcement of compliance therewith ... or for the *punishment of violations thereof.*" (emphasis added).

The decree further provided:

"If court action is taken for the purpose of enforcement of this Consent Decree ... the non-prevailing party *will be obligated to pay the attorney's fees and costs incurred by the prevailing party* in such proceedings." (emphasis added).

■ *De novo* review requires the district court to make an independent examination of the bankruptcy court's judgment without giving deference to that court's analysis or conclusions. *Smoker v.. Hill & Assoc., Inc.,* 204 B.R. 966 (N.D.Ind.1997); *see also, Moody v. Amoco Oil Co.,* 734 F.2d 1200, 1210 (7th Cir.), *cert. denied,* 469 U.S. 982, 105 S.Ct. 386, 83 L.Ed.2d 321 (1984); *In re Sheridan,* 57 F.3d 627, 633 (7th Cir.1995); *Meyer v. Rigdon,* 36 F.3d 1375, 1378 (7th Cir.1994); *Magill v. Newman (In re Newman),* 903 F.2d 1150, 1152 (7th Cir.1990); *Calder,* 892 F.2d at 631. Accordingly, this Court now considers the merits of this appeal.

## V. DISCUSSION

The Bankruptcy Court granted judgment as a matter of law in favor of Eggleston, finding that the $51,861.41 awarded to SBSC in costs and attorneys' fees and the $9,486.50 awarded to SBSC and Farrell in costs and attorney's fees did not fall within the exception to discharge set forth in 11 U.S.C.A. § 523(a)(17) and that the debt was dischargeable. (Jmt. of July 16, 1997). The court further found that the debts did not fall within the exception to discharge established in § 523(a)(7) because they were not "a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit." 11 U.S.C.A. § 523(a)(7); 4 Collier on Bankr.(MB) ¶ 523.13, at 523–94 (15th ed.1997). (Am. Jmt. of July 15, 1997).

### A. STATUTORY CONSTRUCTION

■ The basis of this appeal rests on the construction of § 523(a) of the Bankruptcy Code. It is settled law that if a statute is plain and unambiguous on its face, "judicial inquiry is complete." *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 254, 112 S.Ct. 1146, 1149–50, 117 L.Ed.2d 391 (1992) (citations omitted); *In re Vasquez,* 205 B.R. 136, 139 (Bankr.N.D.Ill.1997); *In re Sinclair,* 870 F.2d 1340, 1341 (7th Cir.1989). Accordingly, a court construing a statute should first look to the language of the statute. If it is clear and unambiguous, the court should look no further. *In re Barker* 768 F.2d 191 (7th Cir.1985). When a statute is not clear and unambiguous on its face, the court may con-

duct further inquiry. Furthermore, specifically relating to Bankruptcy law, if it is possible to construe an exemption statute in ways that are both favorable and unfavorable to the debtor, then the favorable method should be chosen. *In re Heck,* 212 B.R. 314 (Bankr. C.D.Ill.1997); *In re Dealey,* 204 B.R. 17 (Bankr.C.D.Ill.1997); *In re Chavis,* 207 B.R. 845 (Bankr.W.D.Pa.1997); *In re Liston,* 206 B.R. 235 (Bankr.W.D.Okla.1997); *In re Cole,* 205 B.R. 382 (Bankr.E.D.Tex.1997). In light of this, the Court now looks at the applicable statute.

### B. EXCEPTIONS TO DISCHARGE

■ The party seeking to establish an exception to the discharge of a debt bears the burden of proof. *Selfreliance Fed. Credit Union v. Harasymiw (In re Harasymiw),* 895 F.2d 1170, 1172 (7th Cir.1990); *Banner Oil Co. v. Bryson (In re Bryson),* 187 B.R. 939, 961 (Bankr.N.D.Ill.1995). The United States Supreme Court has held that the burden of proof required to establish an exception to discharge is a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991); *See also, In re McFarland,* 84 F.3d 943, 946 (7th Cir.), *cert. denied,* — U.S. ——, 117 S.Ct. 302, 136 L.Ed.2d 220 (1996); *In re Thirtyacre,* 36 F.3d 697, 700 (7th Cir. 1994). No such preponderance exists in the present case.

■ It is a well recognized principle in bankruptcy law that exceptions to discharge are strictly construed against the objecting creditor and in favor of the debtor. This is based upon the strong policy of the Bankruptcy Code of providing a debtor with a "fresh start." *Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915); *In re Marvin,* 139 B.R. 202 (Bankr.E.D.Wis.1992); *See also,* 3 Collier on Bankruptcy § 523.05 (15th ed.1992). 11 U.S.C.A. § 523 lists eighteen exceptions to discharge. Only two of these are relevant to the present case.

#### 1. Section 523(a)(7)

■ The specific language of this section provides that:

(a) A discharge under section 727 of this title does not discharge an individual debtor· from any debt·—

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

11 U.S.C.A. § 523(a)(7).

While it is possible to stretch and interpret the attorneys' fees and costs at issue here as a "fine or penalty," this Court agrees with Judge Dees' holding that the debts did not fall within the exception to discharge established in § 523(a)(7) because they were not "a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit." (Am. Jmt. of July 15, 1997). The court does so for several reasons. First, the applicable standard of review dictates that exceptions to discharge are strictly construed against the objecting creditor and in favor of the debtor. *In re Heck,* 212 B.R. 314; *In re Dealey,* 204 B.R. 17; *In re ·Chavis,* 207 B.R. 845; *In re Liston,* 206 B.R. 235; *In re Cole,* 205 B.R. 382. Secondly, case law shows that the costs and fees at issue here are not the type of "fine or penalty envisioned by the statute. *See generally, In re Carlson,* 202 B.R. 946 (Bankr.N.D.Ill.1996); *In re Fogerty,* 204 B.R. 956 (Bankr.N.D.Ill.1996); *In re Betts,* Nos. 94–2018, 94–2668, 51 F.3d 275, 1995 WL 108940 (7th Cir. March 14, 1995), *cert denied,* —— U.S. ——, 116 S.Ct. 571, 133 L.Ed.2d 495. Specifically, in *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), the Supreme Court held that Section 523(a)(7) "preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." Following this reasoning many courts, including the Seventh Circuit, have found that awards of costs associated with criminal sanctions are part of the underlying penalty and, as such, are non-dischargeable under § 523(a)(7). *See Fogerty, supra; see, e.g., In re Zarzynski,* 771 F.2d 304, 306 (7th Cir.1985). However, costs awarded in conjunction with penalties are dischargeable. *Fogerty,* 204 B.R. 956, 962; *see, e.g., In re Tapper,* 123 B.R. 594, 605 (Bankr.N.D.Ill.1991).

In *Fogerty* the court held that attorneys' fees and expenses awarded by the Seventh Circuit in conjunction with a civil contempt award represented a reimbursement for costs and were dischargeable. 204 B.R. at 962. The *Fogerty* court stated that "for a debt to be non-dischargeable under § 523(a)(7), the debt must be for the benefit of a governmental unit and must be penal in nature."

Similarly, in the case of *In re Betts,* Nos. 94–2018, 94–2668, 51 F.3d 275, 1995 WL 108940 (7th Cir. March 14, 1995), *cert denied,* —— U.S. ——, 116 S.Ct.· 571, 133 L.Ed.2d 495, the court found that costs assessed against Betts for disciplinary proceedings instituted by the Attorney Registration and Disciplinary Commission were not dischargeable. The court reasoned that the primary objective of assessing costs was not compensation, but rather to deter attorneys from engaging in improper conduct. *See e.g., In re Carlson,* 202 B.R. 946 (holding similarly)·

In comparison, the *Tapper* court found that a civil "penalty" authorized by statute was not dischargeable but that the award of allowed costs was dischargeable because the costs did not constitute a "fine, penalty or forfeiture." 123 B.R. 594. The court further noted that, generally, cases barring dischargeability under § 523(a)(7) involve criminal or tax-related penalties and not anything analogous to the award of costs in a civil proceeding. *Id.* at 605; *see· also, State of New York v. Hemingway,* 39· B.R. 619, 621 (N.D.N.Y.1983).

The clear language of § 523(a)(7) and the judicial applications of this section provide sufficient evidence for this Court to find that Eggleston's debt is not excepted under this section.

### 2. Section 523(a)(17)

■■ Section 523(a)(17) arose under the Prison Litigation Reform of 1995, Pub.L. 101–140, 110 Stat 1327, HR 3019 (May 3, 1996), and the Omnibus Consolidated Rescissions and Appropriations Act of 1996 added the section to the Bankruptcy Code. Its purpose was to add an additional exception to the discharge of debts for fees imposed relat-

ing to the filing of a case.[2] *See* 8 Norton Bankr.L. & Prac.2d (1997 Supp.), editor's comment. This section provides that:

(a) A discharge under section 727 of this title does not discharge an individual debtor from any debt—

(17) for a fee imposed by a court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing, regardless of an assertion of poverty by the debtor . . . . .

11 U.S.C.A. § 523(a)(17). Unfortunately, because of its recent enactment, there is no interpretive case law. To date, less than a handful of cases even mention the new § 523(a)(17) and those cases provide little guidance for the issues involved here. *See In re Vasquez*, 205 B.R. 136, 139 (Bankr. N.D.Ill.1997), *In re Smith*, 205 B.R. 612 (Bankr.E.D.Cal.1997).

In *Vasquez*, the bankruptcy court discussed this new exception to § 523(a) in the context of certain non-dischargeable debts for which a debtor's exempt property is liable and determined that § 523(a)(17) was inapplicable to a claim under § 522(f). The court expressly noted, however, that if the creditor wished to allege that the debt owed it was non-dischargeable under § 523(a)(17) alone, the creditor needed to file the appropriate adversary proceeding and still had time to do so. The court did not opine as to whether an appropriately filed adversary proceeding would have any merit, however. *Smith*, was decided using § 523(a)(5) and (a)(15). 205 B.R. 612. Section 523(a)(17) was mentioned only in a footnote. 205 B.R. 612, 614, n. 1.

In the present case, the majority of cases cited in the parties' briefs were decided under exception provisions other than (a)(17). Additionally, as the court noted in *Vasquez*, those cases are not controlling because they were decided prior to the enactment of this provision.

The basis of this appeal rests solely on whether § 523(a)(17) was intended to apply to any and all debtors or to apply only to prisoners. Appellants focus on Judge Dees' interpretation of this section where he indicated that § 523(a)(17) should be applicable only to "filing fees and costs or expenses assessed by *and payable to* a court." (Mem. of July 9, 1997 at p. 7) (emphasis in original).[3] Appellants overlook the extensive reference to the Legislative History that the Bankruptcy Court laid out in detail on pages 6 and 7 of its July 15, 1997 Memorandum and Order. Because § 523(a)(17) does not clearly define its intended scope, Judge Dees' evaluation of this history was proper. Further investigation into the underpinnings of § 523(a)(17) and legislative history show that this exception was intended to apply to prisoner filings.[4] This Court declines to extend the

---

**2.** It is important to keep in mind that this section was added specifically under the Prison Litigation Reform Act for the purported purpose of ensuring that prisoners did not continue to use *in forma pauperis* provisions as a way to avoid filing fees and to potentially reduce the number of frivolous prisoner filings. 1996–MAY NAAG Bankr.Bull. 2.

**3.** This Court disagrees with Judge Dees' judicial gloss that (a)(17) costs and fees assessed by the court must be payable *to the court* as this is not the express language of the statute, however, that gloss is not dispositive of the outcome of this Court's review.

**4.** Furthermore, this Court takes note of the pending bill H.R.Rep. No. 324, 105th Cong., 1st Sess. 1997, 1997 WL 664411, introduced February 13, 1997 and titled Bankruptcy Amendment Bill of 1997. This bill is part of the Bankruptcy Law Technical Corrections Act, H.R.120. In the text of the bill the legislature expressly addresses the issue now faced by this Court. The bill "primarily consists of technical correction intended to

clarify original intent and to correct drafting defects." Hearing on H.R.764 and H.R.120 Before the Subcomm. on Commercial and Administrative Law of the House Comm. on the Judiciary, 105th Cong., 1st Sess. 27 (1997). In addition to other changes in § 523, the amendments change § 523(a)(17) to narrow its application in accordance with its original intent. Paragraph (17) was enacted in the context of prison litigation reform. The committee noted that because of a drafting error, the section might be construed to apply to filing fees, costs or expenses incurred by any debtor, not solely by those who are prisoners. *See* H.R.Rep. 105–324, 1997. The new language of § 523(a)(17) is proposed as follows:

(17) for a fee imposed [by a court] on a prisoner by any court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing, regardless of an assertion of poverty by the debtor under [section 1915(b) or (f) ] subsection (b) or (f)(2) of section 1915 of title 28 (or a similar non-Federal law), or the debtor's status

reach of § 523(a)(17) beyond the intent of Congress and will not adopt the view that the section applies to all debtors, regardless of the fact that they may be prisoners. The section is unapplicable to the present case.

### VIII. CONCLUSION

For the foregoing reasons, this Court **AF-FIRMS** the decision of the Bankruptcy Court granting judgment as a matter of law to Eggleston.

IT IS SO ORDERED.

as a prisoner, as defined in section 1915(h) of title 28 (or a similar non-Federal law).
Bankruptcy Amendments of 1997; and Bankruptcy Law Technical Corrections Act of 1997;

Hearing on H.R.764 and H.R.120 Before the Subcomm. on Commercial and Administrative Law of the House Comm. on the Judiciary, 105th Cong., 1st Sess. 27 (1997).