Bucklo, District Judge, dissenting.
I respectfully dissent. The question before the bankruptcy court was whether Calvert acted maliciously, i.e. "without just cause or excuse," when he laid off nearly all of his rank-and-file workforce in violation of the National Labor Relations Act. First Weber Grp., Inc. v. Horsfall , 738 F.3d 767, 774 (7th Cir.2013). In adjudicating the underlying 29 U.S.C. § 158(a)(3) discrimination claim in the NLRB's favor, the ALJ conducted an analysis that "substantially mirrored" the malice inquiry under 11 U.S.C. § 523(a)(6), id. at 775, and determined that Calvert's conduct was unsupported by any lawful purpose. That finding should have been given preclusive effect in the bankruptcy court.
My colleagues rule against the NLRB on the ground that its preclusion analysis is overly general. In their view, the Board "has not grounded its [preclusion] argument in specific findings" or established that "the issue of Calvert's intent was actually decided in the agency proceeding." But the NLRB points to several findings that the ALJ made regarding Calvert's intent. First, the Board cites the ALJ's determination that Calvert laid off his employees "because of their union activities, to wit, to avoid having further NLRB proceedings and the risk that the Union might ultimately be certified as the collective-bargaining representative[ ] of [his] employees." (Emphasis added.) The phrase "because of" tells us that the ALJ actually decided the issue of Calvert's intent. Moreover, the ALJ's determination that Calvert was motivated by a discriminatory purpose was essential to the ALJ's ultimate holding. See SCA Tissue N. Am. LLC v. N.L.R.B. , 371 F.3d 983, 988 (7th Cir.2004) (proof of discrimination requires evidence that "employer acted because of anti-union animus");
*703 Bloedorn v. Francisco Foods, Inc. , 276 F.3d 270, 290 (7th Cir.2001) (employer's unlawful discriminatory motive is the "critical question" in a § 158(a)(3) proceeding); Van Vlerah Mech., Inc. v. N.L.R.B. , 130 F.3d 1258, 1263 (7th Cir.1997) ("In evaluating [ § 158(a)(3) allegations], the Board must determine the employer's motivation in taking a particular action.").
Second, the Board identifies the ALJ's determination that Calvert did not establish a "legitimate business reason" for his conduct. Notwithstanding the ALJ's finding that Calvert acted with discriminatory intent, Calvert could have avoided liability under § 158(a)(3) by showing that he had a legitimate business reason for his actions. See N.L.R.B. v. Dorothy Shamrock Coal Co. , 833 F.2d 1263, 1266 (7th Cir.1987) ("The employer ... may avoid liability by showing that his actions would have been the same 'regardless of his forbid-den motive.' "). Calvert attempted to make such a showing, offering three different explanations for the layoffs, but the ALJ rejected all of them. Indeed, the ALJ found Calvert's "shifting" justifications to be "wholly unreliable" and concluded that they "utterly failed to rebut" the Board's evidence of "antiunion animus." The upshot of the ALJ's burden-shifting analysis was a conclusive finding on the issue of Calvert's intent: specifically, that Calvert laid off his workforce based on "antiunion animus" rather than "legitimate business considerations."
The majority's contrary view nods to Calvert's argument that because § 158(a)(3) does not require the NLRB to prove affirmatively that Calvert lacked a legitimate business reason for his conduct, the ALJ did not conclusively decide the issue of Calvert's intent. See supra at 704 ("The ALJ found only that the NLRB established a prima facie case under § 158(a)(3) that E.L.C. Electric failed to rebut."). That interpretation fails to appreciate that in the labor proceedings, the NLRB at all times carried the burden of establishing that Calvert discharged his employees "based in whole or in part on antiunion animus." N.L.R.B. v. Transp. Mgmt. Corp. , 462 U.S. 393, 401, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983), abrogated in non-relevant part by Dir., Office of Workers' Comp. Programs, Dept. of Labor v. Greenwich Collieries , 512 U.S. 267, 276-78, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994) ). Moreover, it overlooks the text of the ALJ's decision, which, in a paragraph that opens, "[s]pecifically as to why [Calvert] made the decision ..." the ALJ concluded that Calvert's decision to lay off his workers "was motivated by ... antiunion animus."
To establish issue preclusion, the NLRB needed to show that the ALJ's analysis of Calvert's intent "substantially mirrored" the standard for malice under § 523(a)(6). Horsfall , 738 F.3d at 775. In fact, the Board had a tougher row to hoe to prevail in the labor proceedings than it did before the bankruptcy court, since it had not only to prove Calvert's impermissible motive, but also to withstand Calvert's affirmative defense of a legitimate business reason. Regardless of who bore the burden on which issue, the universe of evidence presented to the ALJ had to persuade him that a prohibited reason-not a legitimate one-motivated Calvert's actions. And as the text of his decision makes clear, persuade him it did.
The majority faults the Board for failing to perform a more exacting exercise to "map[ ] the ALJ's findings onto the elements of § 523(a)(6)." In my view, no heavy lifting was required to illustrate how the ALJ's twin findings that Calvert acted with a prohibited motive and without a legitimate business reason satisfy the malice inquiry under § 523(a)(6). Malice is *704 established by proof that a debtor acted "without just cause or excuse." Horsfall , 738 F.3d at 774. The Board proved to the ALJ, notwithstanding Calvert's contrary testimony, that Calvert acted with antiunion animus-a prohibited motive. It is not clear to me what additional analytical dots the Board needed to connect to show that Calvert's actions lacked just cause or excuse.
Bankruptcy courts in this circuit and elsewhere have held that an agency or state court finding that the debtor acted with discriminatory intent and without just cause satisfies the malice standard under § 523(a)(6). In re Fogerty , 204 B.R. 956, 962 (Bankr. N.D. Ill. 1996) (NLRB's conclusion that the debtor wrongfully terminated two employees in violation of § 158(a)(3) decided the issue of malice because it was based on the determination that the debtor lacked just cause to discharge the employees and terminated them solely because of their protected activities); In re Goldberg , 487 B.R. 112, 129 (Bankr. E.D.N.Y. 2013) (applying collateral estoppel to state court's factual findings of intentional discrimination, reasoning that declining to do so would "sanction the view that there exists some 'just cause or excuse' for discrimination ... where the state court has already found otherwise").
When the ALJ held that Calvert discriminated against his employees in violation of § 158(a)(3) and held him liable for that violation, he resolved the question of whether Calvert had just cause for his actions. Instead of giving the ALJ's findings about Calvert's intent the preclusive effect they were due, the bankruptcy court offered Calvert another bite at the apple, affording him an opportunity to relitigate his purported justifications for violating federal law. But the ALJ's analysis left no room for finding Calvert's conduct justified. Accordingly, I would hold that the bankruptcy court was precluded from reopening an inquiry into Calvert's intent.