In re Harris Lee **TUTTLE** and Phillis Mae Tuttle, Debtors.

Christopher **WALKER**, Richard Walker, Joanne Walker, and Southern Michigan Mutual Insurance Company, Plaintiffs,

v.

Harris Lee **TUTTLE** and Phillis Mae Tuttle, Defendants.

Bankruptcy No. GK 97–06610.
Adversary No. 98–88228.

United States Bankruptcy Court,
W.D. Michigan.

Sept. 8, 1998.

Richard J. Howard, Kalamazoo, MI, for plaintiffs.

Stephen L. Langeland, Kalamazoo, MI, for defendants.

### OPINION REGARDING SCOPE OF 11 U.S.C. § 523(a)(17)

JAMES D. GREGG, Chief Judge.

#### I. Issue

The issue before the court pertains to the scope and meaning of 11 U.S.C. § 523(a)(17), a recently enacted amendment to the Bankruptcy Code. Specifically, the court must decide whether this exception to discharge applies to a state court award of attorneys fees and costs, in this instance pursuant to Michigan court rules relating to a rejected offer of judgment.

#### II. Introduction

Plaintiffs Christopher Walker, Richard Walker, Joanne Walker, and their insurance company, Southern Michigan Mutual Insurance Company ("Plaintiffs") commenced this adversary proceeding to obtain a determination that a certain judgment (the "Judgment") of the State of Michigan Circuit Court for St. Joseph County (the "state court") against the Debtors–Defendants Harris Lee Tuttle and Phillis Mae Tuttle (the "Debtors") is excepted from discharge under 11 U.S.C. § 523(a)(17). The parties have filed their Joint Stipulation of Facts and Joint Stipulated Exhibit List, and have agreed that the court should decide the matter based upon these stipulations without further proofs.

#### III. Jurisdiction

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, Local Rule 83.2 of the United States District Court for the Western District of Michigan, and the Stipulated Order Reassigning Case to Bankruptcy Court, entered on April 16, 1998. The action is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(1). The following constitutes the court's findings of fact and conclusions of law in accordance with Fed.R.Bankr.P. 7052.

## IV. Facts

The court has reviewed and adopts the parties' Joint Stipulation of Facts and all the exhibits set forth in the Joint Stipulated Exhibit List. The court restates only those facts that are necessary to the disposition of this adversary proceeding.

Prior to bankruptcy, the Debtors commenced a personal injury action against the Plaintiffs in state court. In accordance with Michigan Court Rule ("M.C.R.") 2.405,[1] Plaintiffs offered to settle the Debtors' claims, but the Debtors rejected the offer. Thereafter, the state court jury found against the Debtors, returning a verdict of no cause of action. *See* Exh. 13. On July 29, 1997, the state court entered the Judgment against the Debtors in the amount of $26,301.00, pursuant to M.C.R. 2.405. *See* Exh. 14.

On July 31, 1997, the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On November 5, 1997, the Plaintiffs commenced this nondischargeability proceeding by filing a complaint in the United States District Court for the Western District of Michigan. The action was thereafter assigned to the bankruptcy court.[2]

## V. Discussion

The only issue to be decided in this proceeding is one of statutory construction. Specifically, the Plaintiffs urge this court to find that the Debtors' Judgment debt comes within the dischargeability exception of 11 U.S.C. § 523(a)(17). Congress recently added this exception,[3] and the scope of the statute has not been discussed in any reported case, save one.[4]

■ In construing any statute, the court must begin with the "language of the statute itself." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). The amended statute provides an exception to discharge for any debt:

> for a fee imposed by a court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing, regardless of an assertion of poverty by the debtor under § 1915(b) or (f) of title 28, or the debtor's status as a prisoner, as defined in section 1915(h) of title 28 . . . .

11 U.S.C. § 523(a)(17).

The Plaintiffs contend that the statute, through the use of the disjunctive phrase "or for other costs and expenses assessed with respect to such filing," creates two categories of nondischargeable debts: (1) filing fees, and (2) a broader category of "costs and expenses assessed with respect to such filing." *See* Memorandum of Legal Authorities and Argument of Plaintiffs at 3. They further argue that the attorneys fees and costs imposed by the state court against the Debtors under M.C.R. 2.405 were " 'assessed with respect to' the filing of the personal injury case by the debtors. If they hadn't filed the [personal injury] case, they wouldn't have been assessed sanctions for failing to prevail." *Id.* at 4.

■ This court must "look to the provisions of the whole law, and to its object and policy" to determine the statute's meaning. *United States Nat'l Bank of Oregon v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 455, 113 S.Ct. 2173, 2182, 124

1. The rule allows litigants to, in effect, shift the cost of litigation by offering to settle the case in advance of trial for a specified sum. If the offeree rejects the offer, and if the offeror recovers a verdict more favorable than the offer (determined according to a prescribed formula), the offeror is entitled to judgment for actual costs, which may include a reasonable attorney's fee. The purpose of the rule is "to encourage settlement and to deter protracted litigation." *Luidens v. 63rd Dist. Court*, 219 Mich.App. 24, 31, 555 N.W.2d 709, 713 (Mich.Ct.App.1996).

2. The early procedural history of this adversary proceeding is not relevant to the outcome of the case, but is stated in the Scheduling Order Regarding Adversary Proceeding, dated April 22, 1998.

3. *See* Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, § 801 *et seq.*, 110 Stat. 1321–66, 1996 U.S.C.C.A.N. (110 Stat.) 1321–66. The Prison Litigation Reform Act of 1995 is included as Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996.

4. As of this time, the only reported decision has been rendered in *South Bend Community School Corp. v. Eggleston*, 215 B.R. 1012 (N.D.Ind.1997).

L.Ed.2d 402 (1993) (citations omitted). The applicable law in this case is the Prison Litigation Reform Act of 1995, the statute that created the exception to discharge contained in 11 U.S.C. § 523(a)(17). *See* Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, § 801 *et seq.*, 110 Stat. 1321–66, 1996 U.S.C.C.A.N. (110 Stat.) 1321–66.

■ By enacting the Prison Litigation Reform Act of 1995, Congress substantially revised the federal *in forma pauperis* statute, 28 U.S.C. § 1915, to require prisoner-litigants to pay the full amount of court filing fees, notwithstanding the language in § 1915(a) that authorizes a federal court, upon proper showing, to allow the commencement, prosecution, defense, or appeal of a civil or criminal action in federal court without prepayment of fees. *See* Prison Litigation Reform Act § 804(a). Although the statute, as amended, now requires prisoner-litigants to pay court fees in full, it permits them to make installment payments. In addition to revising 28 U.S.C. § 1915, Congress amended the Bankruptcy Code by adding 11 U.S.C. § 523(a)(17). *Id.* § 804(b). Thus, the new procedures for installment payments by prisoners and the addition of the exception to discharge now codified in § 523(a)(17) were created in the same section of the Act. They complement each other.

Given this nexus, and given the explicit reference in 11 U.S.C. § 523(a)(17) to the *in forma pauperis* statute, the court must read § 523(a)(17) in conjunction with 28 U.S.C. § 1915. Indeed, as Justice Frankfurter noted, "[s]tatutes cannot be read intelligently if the eye is closed to considerations evidenced in affiliated statutes, or in the known temper of legislative opinion." Felix Frankfurter, *Some Reflections on the Reading of Statutes,* 47 Colum.L.Rev. 527 (1947), *reprinted in* 2A Norman J. Singer, *Sutherland Statutory Construction* 375, 389 (5th ed.1992). From this, the court infers that the policy goal of the new Bankruptcy Code exception is to except from discharge a prisoner-litigant's obligation to make the installment payments contemplated in 28 U.S.C. § 1915(b).

■ A leading commentator has observed, in a considerable understatement, that 11 U.S.C. § 523(a)(17) is "not clearly drafted ." [5] The ambiguity in the statute arises principally from the absence of a comma between "debtor" and "under," [6] and from the unfortunate placement of the phrase "under § 1915(b) or (f) of title 28." Because of the proximity of this phrase to the antecedent phrase "regardless of an assertion of poverty by the debtor," a reader may first assume that the reference to 28 U.S.C. § 1915 simply modifies the phrase "assertion of poverty," without limiting other phrases within the paragraph. This reading, though perhaps initially appealing,[7] is erroneous.

A careful reading of 28 U.S.C. § 1915 reveals that a litigant who seeks relief from court filing fees under the federal *in forma pauperis* statute does not assert his or her poverty under 28 U.S.C. § 1915(b) or (f), but rather makes the assertion (specifically, in an

---

5. *See* 4 Lawrence P. King, *Collier on Bankruptcy* ¶ 523.23, at 523–10 (15th ed.1998) (noting ambiguity).

6. The absence of a comma between "debtor" and "under" is not decisive because punctuation is an unreliable indicator of legislative intent. *See United States National Bank of Oregon v. Independent Ins. Agents of America, Inc.,* 508 U.S. 439, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) ("No more than isolated words or sentences is punctuation alone a reliable guide for discovery of a statute's meaning."); *cf. United States v. Bass,* 404 U.S. 336, 340 n. 6, 92 S.Ct. 515, 518 n. 6, 30 L.Ed.2d 488 (1971) ("When grammarians are divided, and surely where they are cheerfully tolerant, we will not attach significance to an omitted comma."); *Egyptian Supply Co. v. Boyd,* 117 F.2d 608, 611 (6th Cir.1941) ("punctuation is a fallible standard of the meaning of a statute

and is resorted to only as a last resort in construing doubtful statutes"); *United States v. Schottenstein, Zox & Dunn (In re Unitcast, Inc.),* 219 B.R. 741, 750–51 (6th Cir. BAP 1998) (phrase "relating to a tax of a kind specified in subparagraph (B) of this paragraph" in 11 U.S.C. § 503(b)(1)(C) modifies all prior antecedents, notwithstanding absence of comma between phrase and last antecedent).

7. Indeed, the authors of a bankruptcy commentary appear to have fallen into the trap when they write that "[p]aragraph (17) excepts from discharge the filing fees, costs or expenses assessed by a court in any civil action or proceeding or appeal, *notwithstanding the debtor's assertion of poverty under 28 U.S.C. § 1915(b) or (f)....*" *Collier, supra* note 5, ¶ 523.23, at 523–107 (emphasis added).

affidavit) under § 1915(a). Significantly, § 1915(b) and (f)(1) are the provisions of the statute that respectively (1) require a federal court to "assess" the full amount of court filing fees against-prisoner litigants, and (2) authorize a federal court to impose "costs" against litigants (prisoners and non-prisoners, alike) [8] who proceed *in forma pauperis*. Given that these two subsections of 28 U.S.C. § 1915 pertain to the assessment or imposition of fees and costs, it makes much greater sense to read the clause "under § 1915(b) or (f) of title 28" as limiting the antecedent phrase "fee imposed by a court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing . . .", rather than just the phrase "assertion of poverty."

■ This construction of the statute is bolstered by the principle of statutory construction, formally known as *reddendo singula singulis,* and more modernly expressed as follows:

> Where a sentence contains several antecedents and several consequents they are to be read distributively. The words are to be applied to the subjects that seem most properly related by context and applicability.

2A Norman J. Singer, *Sutherland Statutory Construction* § 47.26 (5th ed.1992); *see also Bass,* 404 U.S. at 339–40, 92 S.Ct. at 518 (*citing Porto Rico Ry. Light & Power Co. v. Mor,* 253 U.S. 345, 40 S.Ct. 516, 64 L.Ed. 944 (1920) ("When several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all.")). Given that 28 U.S.C. § 1915(b) and (f) govern the assessment of fees and costs, it seems appropriate to read the reference to § 1915 in 11 U.S.C. § 523(a)(17) as qualifying the assessment of fees (and costs and ex-

penses). Accordingly, this judge believes that the exception to discharge contained in 11 U.S.C. § 523(a)(17) preserves only a debtor's liability for fees, costs, or expenses imposed or assessed under 28 U.S.C. § 1915(b) (against prisoners) or (f) (against prisoners or other persons).

The court's reading of the statute is also consistent with the axiom that requires this court to construe exceptions to the bankruptcy discharge narrowly and in favor of the debtor. *See Kawaauhau v. Geiger,* —— U.S. ——, ——, 118 S.Ct. 974, 975, 140 L.Ed.2d 90 (1998) (acknowledging "the well-known guide that exceptions to discharge should be confined to those plainly expressed"); *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915); *Manufacturer's Hanover Trust Co. v. Ward (In re Ward),* 857 F.2d 1082, 1083 (6th Cir.1988); *In re Pauley,* 205 B.R. 501, 505 (Bankr.W.D.Mich. 1997); *Armbrustmacher v. Redburn (In re Redburn),* 202 B.R. 917, 923 (Bankr. W.D.Mich.1996).

■ Moreover, this court, like the Supreme Court, "will not read the Bankruptcy Code to erode past bankruptcy practice absent a clear indication that Congress intended such a departure." *Cohen v. Hilda de la Cruz,* —— U.S. ——, ——, 118 S.Ct. 1212, 1218, 140 L.Ed.2d 341 (1998) (*citing Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 563, 110 S.Ct. 2126, 2133, 109 L.Ed.2d 588 (1990)). A ruling in favor of the Plaintiffs would make nondischargeable the entire universe of litigation-related expenses—filing fees, attorney fees, sanctions, costs, among others. When Congress enacted 11 U.S.C. § 523(a)(17), it did not clearly indicate in the text of the statute its intent to make such sweeping changes. Nor does the meager legislative history even remotely suggest such a broad exception to discharge.

---

**8.** The several subsections of the *in forma pauperis* statute are applicable, or not, depending upon the litigant's status as a "prisoner," a term included within the broader category of "persons." *See* 28 U.S.C. § 1915(h) (defining "prisoner" as "any *person* incarcerated or detained . . ." etc.) (emphasis added). For example, whereas subsection (a) applies to persons *and* prisoners, subsection (b) applies only to prisoners. *Compare*

*id.* § 1915(a) *with id.* § 1915(b). Similarly, whereas subsection (f)(1) authorizes the court to render judgment for costs at the conclusion of a suit or action *in forma pauperis,* without distinguishing between prisoners and other persons, subsection (f)(2) sets forth special requirements applicable only to prisoners. *Compare id.* § 1915(f)(1) *with id.* § 1915(f)(2).

Finally, the court's narrow interpretation of 11 U.S.C. § 523(a)(17) is largely consistent with the only reported decision construing the statute, *South Bend Community School Corp. v. Eggleston*, 215 B.R. 1012 (N.D.Ind. 1997), in which the district court limited the reach of this subsection to debtors who incurred liability for fees and costs related to cases they filed while they were prisoners.[9]

### VI. Conclusion

Because it is undisputed that the fees, costs, and expenses represented by the Judgment were imposed upon the Debtors pursuant to Michigan's offer of judgment procedure, and were not assessed under 28 U.S.C. § 1915(b) or (f), the debt represented by the Judgment is dischargeable, notwithstanding 11 U.S.C. § 523(a)(17). A separate order will be entered accordingly.

**9.** Although this limitation is suggested by the title of the Prison Litigation Reform Act, *see I.N.S. v. National Center for Immigrants' Rights, Inc.*, 502 U.S. 183, 112 S.Ct. 551, 116 L.Ed.2d 546 (1991) ("the title of a statute or section can aid in resolving an ambiguity in the legislation's text"), and by scholarly commentary, *see Collier, supra* note 5, ¶ 523.LH[3][b], at 523–123, the exception to discharge applies "regardless of … the debtor's status as a prisoner, as defined in § 1915(h) of title 28." 11 U.S.C. § 523(a)(17). Moreover, because a court may impose costs under 28 U.S.C. § 1915(f)(1) against a litigant other than a prisoner, the language of § 523(a)(17) is not quite as limited as the *Eggleston* court and the commentary suggest. The court, however, need not decide the issue in order to resolve the present dispute. Suffice it to say that the exception does not apply to the fees assessed by the state court in the Debtors' personal injury action.