In re William Oren HOUGH, Jr. and Barbara Irene Hough, Debtors.

Robert A. Fry and Elizabeth G. Fry, husband and wife, dba Gem Physical Therapy Clinic, and Chip Sands, an individual, Plaintiffs,

v.

Barbara Irene Hough, Defendant.

Bankruptcy No. 98–01101.

Adversary No. 98–6172.

United States Bankruptcy Court, D. Idaho.

Dec. 18, 1998.

Cathleen M. Morgan, Quane, Smith, Boise, ID, for plaintiffs.

Jake W. Peterson, Boise, ID, for defendant.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

**Background and Facts.**

This action presents an issue of first impression in this District. The parties submit, and the Court agrees, that no issues of mate-

rial fact remain for trial, and that the question presented in purely one of law involving the interpretation of a relatively new provision of the Bankruptcy Code.

Defendant Barbara Hough filed a Chapter 7 bankruptcy petition with this Court on April 8, 1998. Plaintiffs Robert and Elizabeth Fry (d/b/a Gem Physical Therapy Clinic) and Chip Sands are included among her creditors. It seems that in June, 1995, Defendant sued Plaintiffs in state court. She alleged that she retained Plaintiff Chip Sands, an Emmett physical therapist employed in a clinic owned and operated by Plaintiffs Fry, and that during a treatment session, she was injured as a result of Sands' negligence. The state district court disagreed with Defendant, granted Plaintiffs summary judgment, and awarded them approximately $1,600 in costs against Defendant.

Defendant appealed to the Idaho Supreme Court. That court not only affirmed the district court's decision, but in addition awarded Plaintiffs another $4,600 in attorney fees and costs incurred on appeal under Idaho Code § 12–121. In making the award, the court found that Defendant's appeal had been "frivolous, unreasonable and without foundation." *Hough v. Fry*, 98.7 I.S.C.R. 244, 245.

Plaintiffs commenced this adversary proceeding seeking to obtain a declaration from this Court that the debt represented by the awards of fees and costs they obtained against Defendant are excepted from discharge in bankruptcy under 11 U.S.C. § 523(a)(17). Defendant disputes this contention, and Plaintiffs have now moved for summary judgment. The Court conducted a hearing on Plaintiffs' motion on December 10, 1998, the parties have briefed the issue, and the question is now ripe for decision.

**Applicable Law and Disposition of the Issue.**

Section 523(a)(17) excepts from discharge in a Chapter 7 bankruptcy any debt:

for a fee imposed by a court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing, regardless of an assertion of poverty by the debtor under § 1915(b) or (f) of title 28, or the debtor's status as a prisoner, as defined in section 1915(h) of title 28....

11 U.S.C. § 523(a)(17). This provision was enacted by Congress as part of the Prisoner Litigation Reform Act of 1995, Pub.L. 101–140, 110 Stat 1327, HR3019 (May 3, 1996). One court has observed, in one of the very few reported decisions dealing with this new law, that in adopting the Prison Reform Act of 1995, that:

Congress substantially revised the federal in forma pauperis statute, 28 U.S.C. § 1915, to require prisoner-litigants to pay the full amount of court filing fees, notwithstanding the language in § 1915(a) that authorizes a federal court, upon proper showing, to allow the commencement, prosecution, defense, or appeal of a civil or criminal action in federal court without prepayment of fees. See Prison Litigation Reform Act § 804(a). Although the statute, as amended, now requires prisoner-litigants to pay court fees in full, it permits them to make installment payments. In addition to revising 28 U.S.C. § 1915, Congress amended the Bankruptcy Code by adding 11 U.S.C. § 523(a)(17). Id. § 804(b).

*In re Tuttle*, 224 B.R. 606, 609 (Bankr. W.D.Mich.1998). Through this legislation, while prisoners may make payment of filing fees in installments, under the new law, their obligation to pay fees in connection with the actions in which they participate is not subject to discharge in a liquidation bankruptcy.

Plaintiffs in this action, however, remind the Court that the statute is not limited by its terms to litigation fees and costs incurred by or imposed against "IFP" prisoners. Defendant counters that the statute must be read in light of its purpose in enactment, and narrowly construed to promote the "fresh start" policy of bankruptcy relief, so that awards of litigation costs in a personal injury action against a non-prisoner debtor remain dischargeable. As of this date, only two reported decisions analyze the meaning of the new statute, and both would seem to favor Defendant's approach. *See In re Tuttle, supra; South Bend Community*

*School Corp. v. Eggleston,* 215 B.R. 1012 (N.D.Ind.1997). While this Court appreciates the thoughtful opinions expressed in those decisions, it is constrained to apply the plain language of the statute to the facts of this case. When it does, it must conclude the Plaintiffs' claim against Defendant has been excepted by Congress from discharge.

■■■ The Court finds no fault with the observation of the Defendant and the two courts noted above that Section 523(a)(17) was adopted by Congress as a complementary provision to the package of laws designed to curb frivolous lawsuits initiated and pursued by prisoners without the sobering deterrent of payment of litigation expense. Congress' purpose in this regard seems apparent enough. Whether it had other goals in mind in creating the new exception to discharge is less clear. And more importantly, the suggestion that Congress may have utilized, in Section 523(a)(17), language that was too broad to accomplish its narrow goal is not a valid basis to suspend the application of the unambiguous language used in the law. If Congress preferred a restricted approach, it could have limited the operation of the exception to "fees imposed by a court *against a prisoner.*" It failed to do so and while it may have constructed a tiger-pit to trap a mouse, only Congress can properly remedy the error.

■■■ This Court is compelled to apply the plain meaning of the statute. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (citing *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)). By the same token, a party seeking to defeat the plain meaning of the text of the Bankruptcy Code bears an "exceptionally heavy burden." *Patterson v. Shumate,* 504 U.S. 753, 760, 112 S.Ct. 2242, 2248, 119 L.Ed.2d 519 (1992). Section 523(a)(17) applies, on its face, to any debts imposed by a court for filing fees, or for other expenses assessed with respect to a case. These debts are excepted from discharge in bankruptcy regardless of whether the debtor is (or is not) impoverished as defined by subsections (b) or (f) of the Federal in forma pauperis statutes,[1] and regardless of the debtor's status as a prisoner (or not) as discussed in subsection (h) of those statutes. Affording the language used by Congress in the Bankruptcy Code provision its plain meaning, then, attorneys fees and costs assessed by a court against a nonprisoner litigant, who later seeks bankruptcy relief, are clearly excepted from bankruptcy discharge. Having read the statute in this natural, unambiguous fashion, the Court's interpretive responsibilities are fulfilled. It is simply unnecessary to go to the lengths engaged in by the courts in *Tuttle* and *South Bend* to interpret away this straightforward, albeit arguably unintended, meaning of this enactment. In other words, it is not the province of this Court to judicially amend clearly worded statutes.

■■■ The Court is mindful that bankruptcy courts should construe exceptions to discharge narrowly in favor of the debtor as a matter of policy. *Bernard v. Sheaffer (In re Bernard),* 96 F.3d 1279, 1281 (9th Cir. 1996); *Hayhoe v. Cole (In re Cole),* 226 B.R. 647, 653 (9th Cir. BAP 1998). On the other hand, "the fact that Congress may not have foreseen all the consequences of a statutory enactment is not a sufficient reason for refusing to give effect to its plain meaning." *Union Bank v. Wolas,* 502 U.S. 151, 157–158, 112 S.Ct. 527, 530–531, 116 L.Ed.2d 514 (1991).

Moreover, even were the Court inclined to stray from its proper role, it may not so easily be assumed that in adopting the language of the new discharge exception, Congress did not intend it to apply to nonprisoner litigants *under any circumstances.* For example, in this action, the attorney fees awarded to Plaintiffs by the Idaho Supreme Court were in furtherance of the policy adopted by Idaho's legislature that parties

---

1. That the statute as written applies to nonprisoner debtors is unmistakable. 28 U.S.C. § 1915(f)(1) allows a court to impose costs against an IFP party under some circumstances without regard to whether that person is a "prisoner," defined in subsection (h) as someone incarcerated or detained. Subsection (f)(2) authorizes awards of costs only against prisoners. The reference in Section 523(a)(17) to persons who are impoverished as referred to in subsection (f) simply can not, therefore, be seen as solely referring only to prisoners.

who engage in litigation which is frivolous, unreasonable, and without foundation must pay the costs incurred by those they sue. Even if Congress targeted vexatious prisoner legal actions as its reason for a new exception to discharge, must it also be assumed that similar meritless, but costly, lawsuits brought by private parties should be subject to discharge? In other words, the result of the reading of the statute literally is arguably too broad, but certainly not "patently absurd." *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 452, 107 S.Ct. 1207, 1223, 94 L.Ed.2d 434 (1987) (Scalia, J., concurring). Nor can application of the statute to facts such as these be characterized as "demonstrably at odds with the intentions of the drafters." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 249, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). A literal construction of the statute still accomplishes what Congress intended, even if on somewhat larger scale.

In sum, Congress can amend the statute if the approach it has taken is too severe for the problem sought to be addressed.[2] The Court will not, nor should it, judicially legislate what some may see as a solution in the interim.

Plaintiffs' Motion for Summary Judgment will be granted by separate order.

---

**2.** In fact, legislation to narrow the scope of this exception to discharge was included in bankruptcy reform legislation which passed the Senate. *See* S.1301, Consumer Bankruptcy Reform Act of 1997, Section 414, ¶ 5 (proposal to strike "by a court" and replace with the insertion of "on a prisoner by any court").