In re William Oren HOUGH, Jr., and Barbara Irene Hough, Debtors.

Barbara Irene Hough, Appellant,

v.

Robert A. Fry and Elizabeth G. Fry, dba Gem Physical Therapy Clinic; and Chip Sands, Appellees.

BAP No. ID–99–1092–BRP.

Bankruptcy No. 98–01101.

Adversary No. 98–6172.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted Without Oral Argument June 23, 1999.[1]

Decided Sept. 10, 1999.

1. The parties filed a stipulation to waive oral argument, which was granted in a Clerk's Order filed on April 27, 1999.

Jake W. Peterson, Boise, ID, for Barbara Irene Hough.

Cathleen M. Morgan, Quane, Smith, Howard & Hull, Boise, ID, for Robert A. Fry and Elizabeth G. Fry.

Before: BRANDT, RUSSELL, and PERRIS, Bankruptcy Judges.

## OPINION

BRANDT, Bankruptcy Judge.

The bankruptcy court granted appellees' motion for summary judgment, declaring appellant's debt for fees and costs awarded to appellees in state court litigation excepted from discharge under § 523(a)(17)[2]. This appeal followed. We REVERSE and REMAND.

## I. FACTS

These facts are taken essentially verbatim from the bankruptcy court's published decision, *Fry v. Hough (In re Hough)*, 228 B.R. 264, 265 (Bankr.D.Idaho 1998).

Appellant Barbara Hough ("Hough") filed a chapter 7 bankruptcy petition with the bankruptcy court on 8 April 1998. Appellees Robert and Elizabeth Fry (d/b/a Gem Physical Therapy Clinic) ("Fry") and Chip Sands ("Sands") are included among her creditors. In June, 1995, Hough sued Fry and Sands in state court, alleging she had retained Chip Sands, a physical therapist employed in a clinic owned and operated by Fry, and that during a treatment session, she was injured as a result of Sands' negligence. The state district court disagreed, granted Fry and Sands summary judgment, and awarded them approximately $1,600 in costs against Hough.

Hough appealed to the Idaho Supreme Court. That court not only affirmed the district court's decision, but also awarded Fry and Sands another $4,600 in attorneys' fees and costs incurred on appeal under Idaho Code § 12–121. The court found that Hough's appeal had been "frivolous, unreasonable and without foundation." *Hough v. Fry*, 131 Idaho 230, 953 P.2d 980, 984 (1998).

Fry and Sands commenced an adversary proceeding seeking to obtain a declaration from the bankruptcy court that the fee and cost awards were excepted from discharge in bankruptcy by § 523(a)(17). On summary judgment, the bankruptcy court issued its memorandum of decision (cited above), an order granting the motion for summary judgment, and a judgment declaring the debt excepted from discharge under § 523(a)(17). Hough timely appealed; by stipulation, the appeal was submitted without argument.

## II. ISSUE

Whether the bankruptcy court erred in finding fees and costs imposed by a state court in a civil action against one not a prisoner excepted from discharge by § 523(a)(17).

## III. STANDARD OF REVIEW

■ We review summary judgments and issues of statutory interpretation de novo. *United States v. Towers (In re Feiler)*, 230 B.R. 164, 167 (9th Cir. BAP 1999).

## IV. DISCUSSION

A. *The Prison Litigation Reform Act:*

■ Section 523(a)(17) renders nondischargeable any debt:

> for a fee imposed by a court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing, regardless of an assertion of poverty by the debtor under § 1915(b) or (f) of title 28, or the debtor's status as a prisoner, as defined in section 1915(h) of title 28[.]

**2.** Absent contrary indication, all section and chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure. "FRCP" references are to the Federal Rules of Civil Procedure.

The section was added to the Bankruptcy Code by the Prison Litigation Reform Act of 1995 ("Act"), Pub.L. No. 104–134, 110 Stat. 1321–66. Subsections 804(a) and (c) of the Act amended the federal in forma pauperis statute, 28 U.S.C. § 1915, to require prisoner-litigants to pay the full amount of court filing fees and costs; at the same time, the amended statute permits payments to be made in installments. *See* Pub.L. No. 104–134, 110 Stat. 1321–73–74 (codified at 28 U.S.C. § 1915(b) and (f)). Subsection 804(b) of the Act added § 523(a)(17) to the Bankruptcy Code. *See* Pub.L. No. 104–134, 110 Stat. 1321–74.

The in forma pauperis statute (as amended by the Act) provides, in pertinent part:

§ 1915. Proceedings in forma pauperis

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor . . . .

. . .

(b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee . . . .

. . .

(f)(1) Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings . . . .

(2)(A) If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered.

28 U.S.C. § 1915 (West 1999).

B. *Interpreting the Act:*

The central, indeed sole, issue in this appeal is the scope of § 523(a)(17); specifically, whether this exception to discharge applies to an award of attorney fees in a civil action under state law against a nonprisoner debtor, when those fees were not assessed pursuant to 28 U.S.C. § 1915(b) or (f).

The "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.,* 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). The reviewing court's "inquiry must cease if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'" *Id.* (quoting *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)). whether a statute is ambiguous is "determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341, 117 S.Ct. 843 (citations omitted).

The bankruptcy court, looking for "plain meaning," found § 523(a)(17) unambiguous, and held that the statute "applies, on its face, to any debts imposed by a court for filing fees, or for other expenses associated with respect to a case." *Hough,* 228 B.R. at 266. As a result, "attorneys fees and costs assessed by a court against a nonprisoner litigant, who later seeks bankruptcy relief, are clearly excepted from bankruptcy discharge." *Id.* While hinting at legislative malpractice, in that Congress may have used language too broad to accomplish its purpose of deterring frivolous lawsuits by prisoners, the bankruptcy court refrained from judicial amendment of what it found to be a "clearly worded statute[,]" *id.,* rejecting the conclusion reached in the only other reported deci-

sions dealing with § 523(a)(17), *Matter of South Bend Community School Corp. v. Eggleston (In re Eggleston),* 215 B.R. 1012 (N.D.Ind.1997), and *Walker v. Tuttle (In re Tuttle),* 224 B.R. 606 (Bankr.W.D.Mich. 1998). (Another reported decision discusses § 523(a)(17), but does not purport to analyze the exception's scope. *See In re Vasquez,* 205 B.R. 136, 138–39 (Bankr. N.D.Ill.1997).)

The bankruptcy court here found it "unnecessary to go to the lengths engaged in by the courts in *Tuttle* and [*Eggleston* ] to interpret away this straightforward, albeit arguably unintended, meaning of this enactment." *Hough,* 228 B.R. at 266. While the *Eggleston* court does not appear to have taken into account the plain meaning of the statute before deciding that legislative history warrants application of the statute only to prisoners, the *Tuttle* court's analysis is compelling. After considering the plain language of § 523(a)(17), the *Tuttle* court noted:

> The ambiguity in the statute arises principally from the absence of a comma between "debtor" and "under," and from the unfortunate placement of the phrase "under § 1915(b) or (f) of title 28." Because of the proximity of this phrase to the antecedent phrase "regardless of an assertion of poverty by the debtor," a reader may first assume that the reference to 28 U.S.C. § 1915 simply modifies the phrase "assertion of poverty," without limiting other phrases within the paragraph. This reading, though perhaps initially appealing, is erroneous.

*Tuttle,* 224 B.R. at 609.

Because of the statute's explicit reference to the in forma pauperis statute, 28 U.S.C. § 1915, Judge Gregg concluded that the two statutes must be read in conjunction with one another:

> A careful reading of 28 U.S.C. § 1915 reveals that a litigant who seeks relief from court filing fees under the federal in forma pauperis statute does not assert his or her poverty under 28 U.S.C. § 1915(b) or (f), but rather makes the assertion (specifically, in an affidavit) under § 1915(a). Significantly, § 1915(b) and (f)(1) are the provisions of the statute that respectively (1) require a federal court to "assess" the full amount of court filing fees against prisoner litigants, and (2) authorize a federal court to impose "costs" against litigants (prisoners and non-prisoners, alike) who proceed in forma pauperis. Given that these two subsections of 28 U.S.C. § 1915 pertain to the assessment or imposition of fees and costs, it makes much greater sense to read the clause "under § 1915(b) or (f) of title 28" as limiting the antecedent phrase "fee imposed by a court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing . . .", rather than just the phrase "assertion of poverty."
>
> . . . Accordingly, this judge believes that the exception to discharge contained in 11 U.S.C. § 523(a)(17) preserves only a debtor's liability for fees, costs, or expenses imposed or assessed under 28 U.S.C. § 1915(b) (against prisoners) or (f) (against prisoners or other persons).

*Tuttle,* 224 B.R. 606, 609–10 (footnote omitted).

The *Tuttle* court noted that its construction was consistent with the principle of statutory construction known as *reddendo singula singulis,* "more modernly expressed as . . . '[w]here a sentence contains several antecedents and several consequents they are to be read distributively. The words are to be applied to the subjects that seem most properly related by context and applicability.' " *Id.* at 610 (quoting 2A Norman J. Singer, *Sutherland Statutory Construction* § 47.26 (5th ed.1992)).

*Tuttle* is well-reasoned and consistent with canons of statutory construction set forth by both the Supreme Court and the Ninth Circuit Court of Appeals. Although *Tuttle* resorts to legislative history and

**416**

policy arguments to bolster its conclusion, the court's analysis is solidly based on the words of the statute, the starting point for any statutory interpretation. *In re Jones*, 106 F.3d 923, 925 (9th Cir.1997). In concluding that § 523(a)(17) is ambiguous, the *Tuttle* court referred to its language, the context of that language, and the broader context of the statute as a whole (taking into consideration its relationship with the Act), as instructed by the Supreme Court in *Robinson*, 519 U.S. at 340, 117 S.Ct. 843, 136 L.Ed.2d 808. *Robinson* involved interpretation of the seemingly straightforward term "employee" under Section 704(a) of Title VI of the Civil Rights Act of 1964; its canons of construction are thus appropriate here.

Using these canons, the *Tuttle* court's construction is bolstered by the structure of the Prison Litigation Reform Act: Subsection 804(a) of the Act added to 28 U.S.C. § 1915 a new section (b), which provides for assessment of the full amount of filing fees against a prisoner; subsection 804(b) added § 523(a)(17) to the Bankruptcy Code; and subsection 804(c) added a new subsection to 28 U.S.C. 1915(f), requiring prisoners to pay the full amount of any costs imposed by the court.

That the nondischargeability provision appears between the amendments to 28 U.S.C. §§ 1915(b) and (f)—the same subsections referenced in § 523(a)(17)—is strong evidence that the nondischargeability provision was intended to apply only to the fees and costs referenced in those subsections. As Judge Gregg observed, "the new procedures for installment payments by prisoners and the addition of the exception to discharge now codified in § 523(a)(17) were created in the same section of the Act. They complement each other." *Tuttle*, 224 B.R. at 609.

When § 523(a)(17) is read with the knowledge that §§ 1915(b) and (f) do not deal with the assertion of poverty, the nondischargeability section no longer has a plain meaning. At that point, the reasonable interpretation is that the fees and costs to be excepted from discharge are those imposed by the referenced statutes. To read the provision otherwise would render the references to 28 U.S.C. §§ 1915(b) and (f) superfluous, a result disfavored under accepted rules of statutory construction. *See In re Loretto Winery Ltd.*, 898 F.2d 715, 722 (9th Cir.1990).

## V. CONCLUSION

The bankruptcy court erred in its conclusion that attorneys' fees and costs here awarded pursuant to Idaho statute were excepted from discharge. Section § 523(a)(17) applies only to fees and costs imposed on prisoner litigants under the federal in forma pauperis statute. We REVERSE and remand for entry of judgment declaring the debt dischargeable.