**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: BARRYNGTON EUGENE SEARCY, <br><br> Debtor, <br><br>———————————— <br><br> BARRYNGTON EUGENE SEARCY, <br><br> Appellant, <br><br> v. <br><br> ADA COUNTY PROSECUTING ATTORNEY'S OFFICE, <br><br> Appellee. | No. 12-60002 <br><br> BAP No. 11-1060 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Markell, Dunn, and Jury, Bankruptcy Judges, Presiding

Submitted March 4, 2014[**]
Portland, Oregon

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: GOODWIN, TROTT, and W. FLETCHER, Circuit Judges.

In 2009, Appellant Barryngton Eugene Searcy, who is serving a fixed life sentence for first-degree murder and robbery, filed a Chapter 7 bankruptcy petition and schedules with the United States Bankruptcy Court for the District of Idaho. In his schedules, Searcy listed attorney's fees awarded against him in the Ada County District Court and the Idaho Court of Appeals pursuant to Idaho Code § 31-3220A after Searcy filed a frivolous civil suit against various state and county employees.

The bankruptcy court held that the attorney's fee awards are excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(7) and (a)(17). Searcy appealed to the Bankruptcy Appellate Panel of the Ninth Circuit ("BAP"), which affirmed the bankruptcy court's decision. We have jurisdiction pursuant to 28 U.S.C. § 158(d)(2)(A) and we affirm.

Section 523(a)(17) excepts from discharge any debt

> for a fee imposed on a prisoner by any court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing, regardless of an assertion of poverty by the debtor under subsection (b) or (f)(2) of section 1915 of title 28 (or a similar non-Federal law), or the debtor's status as a prisoner, as defined in section 1915(h) of title 28 (or a similar non-Federal law).

11 U.S.C. § 523(a)(17).

28 U.S.C. § 1915(f)(2) provides for the imposition of costs on prisoner litigants. Section 31-3220A of the Idaho Code provides for the award of "reasonable costs and attorney's fees" if, *inter alia*, the court finds that any part of a prisoner litigant's action is frivolous. Idaho Code § 31-3220A(16).

Attorney's fees awards imposed under section 31-3220A are properly considered "expenses assessed with respect to" the filing of Searcy's case. Because they were imposed under a non-federal law similar to 28 U.S.C. § 1915(f)(2), they are excepted from discharge under § 523(a)(17).

Searcy asserts that in *In re Hough*, 239 B.R. 412 (B.A.P. 9th Cir. 1999), the BAP expressly held that attorney's fee awards do not fall within § 523(a)(17). Searcy is correct that, in *Hough*, the BAP reversed a bankruptcy court's determination that attorney's fees imposed under a different Idaho statute were nondischargeable under § 523(a)(17). *Id.* at 416. But *Hough* was decided under a previous version of § 523(a)(17), which only rendered nondischargeable debts for "costs and expenses assessed . . . under § 1915(b) or (f) of title 28." *Id.* at 413. The Bankruptcy Abuse and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 301, 119 Stat. 23, 75, amended § 523(a)(17) to add the "similar non-Federal statute" language. Thus, Searcy's reliance on *Hough* is misplaced.

Since we conclude that the attorney's fee awards are excepted from discharge under § 523(a)(17), we need not address whether the awards would also be nondischargeable under § 523(a)(7).

**AFFIRMED.**